UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN ALLEN,

    *Plaintiff*,

CASE NO. 13-CV-13401

v.

DISTRICT JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PATRICIA MORRIS

TOMMY LICKMAN,
CORRIN, *Correctional Officer*,
HAVELKA, *RUM*, D. LYNCH,
SCHOENDORF, GERHARDT
HANSON, JOHN JACOBS, KELLY
BEST, WARDEN STEVE RIVARD,
TIM SPRAGUE,

    *Defendants*.[1]
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT BEST[2] AND RIVARD'S MOTION TO DISMISS
(Doc. 28)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Best and Rivard's Motion to Dismiss (Doc. 28) be **GRANTED.**

---

[1] Other Defendants were terminated from the case on June 3, 2014.

[2] Defendant Kelly Best is now known as Kelly Barnett.

## II.  REPORT

### A.  Introduction

On August 8, 2013, Plaintiff Deshawn Allen filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. On September 5, 2013, Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed without prepayment of fees (Doc. 4.) Plaintiff filed an amended complaint on March 18, 2014. (Doc. 6.)  On March 19, 2014, an order directing the U.S. Marshal to serve the complaint on all defendants was entered by District Judge Tarnow. (Doc. 10.)

By order of U.S. District Judge Arthur J. Tarnow, this case was referred to the undersigned magistrate judge for general case management on May 16, 2014. (Doc. 25.)

On May 23, 2014, Defendants Best and Rivard filed the instant motion to dismiss. (Doc. 28.)  On June 3, 2014, a scheduling conference was held and pursuant to the scheduling order that issued after the conference, Plaintiff's counsel indicated that Plaintiff would either concur in the instant motion to dismiss or respond to the motion on or before June 20, 2014. (Doc. 30 at 1.)  That date has passed and no concurrence or response has been filed.  Therefore, the motion is ready for report and recommendation without oral argument pursuant to Local Rule 7.1(f)(2) of the Eastern District of Michigan.

### B.  Governing standards

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. " *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

3

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C.     Analysis & Conclusions

To state a civil rights claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

4

In this case, I suggest that the amended complaint fails to allege that Defendants Best or Rivard took any particular action to deprive Plaintiff of his constitutional rights. Plaintiff's allegations against Defendants Best and Rivard merely list them as persons who knew that Plaintiff was being deprived of food and water, or that his food was being contaminated, and that they "failed to take any actions to ensure that" Plaintiff's was given food and water and that his food was not contaminated. (Doc. 6 at ¶¶ 25, 30, 36.) I suggest that these allegations that Defendants Best and Rivard merely knew about the conduct of others fail to state a claim against them because "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Plaintiff's amended complaint also alleges that Defendant Deputy Warden Best "was present and witnessed the application of chemical agents and subsequent beating, but took no action to intervene." (Doc. 6 at ¶ 60.) To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In other words, a claimed constitutional violation against a supervisor must also be based upon active unconstitutional behavior since there is no vicarious liability under § 1983. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Plaintiff's reference to Defendant Best being present does not allege that Defendant Best personally participated in any

5

constitutional deprivation, nor does it show that she was aware of widespread abuse and was deliberately indifferent to such widespread abuse. I therefore suggest that this allegation also fails to state a claim upon which relief can be granted.

### D. Conclusion

For the reasons stated above, I recommend that Defendant Best and Rivard's Motion to Dismiss (Doc. 28) be granted.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

6

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 23, 2014             /S PATRICIA T. MORRIS
                                 Patricia T. Morris
                                 United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record.  A hard copy was delivered to District Judge Tarnow in the traditional manner.

Date:  June 23, 2014             By     s/*Jean L. Broucek*
                                 Case Manager to Magistrate Judge Morris

7