UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN ALLEN,

    Plaintiff,

       v.

TOMMY LICKMAN, ET AL.,

    Defendants.

Case No. 13-13401

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE PATRICIA T.
MORRIS

_____/

**ORDER OVERRULING DEFENDANTS' OBJECTIONS [41, 54] TO ORDERS OF THE
MAGISTRATE JUDGE**

The Court has referred all pretrial matters in this prisoner civil rights case to

Magistrate Judge Morris.  In November and December 2014, the Magistrate Judge

issued Orders [39, 53] granting two discovery motions filed by Plaintiff.

Defendants have filed Objections [41, 54] to each of these orders.

For the reasons stated below, Defendants' Objections are **OVERRULED**.

**FACTUAL BACKGROUND**

In her Order [39] dated October 31, 2014, the Magistrate Judge summarized

the subject matter of this case as follows:

Plaintiff Deshawn Steven Allen is a prisoner incarcerated by the Michigan Department of Corrections ("MDOC"). (Am. Compl., Doc. 6 at 2.) He has sued the Defendants in their individual capacities, asserting various violations of 42 U.S.C. § 1983 and state-based tort claims. (*Id.* at 16-24.) The incidents at issue occurred over a course of months commencing in December 2011 when Plaintiff struck a prison guard, one of the current defendants, and was transferred to the administrative segregation unit. (*Id.* at 5.) According to Plaintiff, Defendants then began to deprive him of food and water, contaminated what food they did give him, humiliated him, destroyed his legal papers and belongings, refused to let him submit grievances, and twice physically attacked him. (*Id.* at 5-16.)

On September 17, 2014, Plaintiff filed a Motion to Compel Discovery and Enforce a Subpoena [33]. Defendants filed a Response [37] on October 1, 2014, and Plaintiff filed a Reply [38] on October 14, 2014. The Magistrate Judge held a hearing on the motion on October 27, 2014. On October 31, 2014, the Magistrate Judge issued an Order [39] granting Plaintiff's motion to compel. Defendants filed an Objection [41] to the Magistrate Judge's order on November 14, 2014. Plaintiff filed a Response [46] to the objection on December 1, 2014.

On December 2, 2014, Plaintiff filed a Motion to Compel Initial Disclosures and Enforce a Subpoena [47]. Defendants filed a Response [51] on December 12, 2014, and Plaintiff filed a Reply [52] on December 19, 2014. The Magistrate Judge held a hearing on this motion on December 23, 2014. The same day, the Magistrate Judge issued an Order [53] granting the motion for the reasons stated on

the record.  Defendants filed an Objection [54] to this order on January 6, 2015.

Plaintiff filed a Response [58] to the objection on January 22, 2015.

ANALYSIS

A district court may set aside a magistrate judge's order on a nondispositive

pretrial matter if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. §

636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## I.      Plaintiff's First Request for Production

Plaintiff's first request for production asks Defendants to produce "all

documents and things referring or relating to [Plaintiff] that are within

[Defendants'] possession, custody, or control (including documents and things in

the possession of [Defendants'] attorneys)."  In her Order [39] dated October 31,

2014, the Magistrate Judge ordered Defendants to produce all documents and

things responsive to this request.  Defendants now argue that this order was clearly

erroneous and contrary to law because Plaintiff's request for production is

overbroad and improperly seeks documents and things in the possession of

Defendants' counsel.

Defendants argue that the request for production "is clearly overbroad as it

encompasses nonrelevant matters, such as documents that predate and postdate the

relevant event, documents within the relevant time period [that] have no bearing on

3

this case, and documents that are privileged."[1]   The Magistrate Judge found that

the request for production is not overbroad, reasoning as follows:

> [T]he Defendants' material[s] likely relate to Plaintiff and the events
> at issue in the lawsuit; that is, they probably did not gather materials
> on extraneous matters, such as his favorite color or whether he sleeps
> on the top bunk in jail. The probability that their counsel's files
> contains irrelevant data is low and the requests limit the inquiry to
> documents relating to Plaintiff.

Defendants have not convinced the Court that this reasoning is clearly erroneous.

The Michigan Department of Corrections, pursuant to its institutional

responsibilities, may possess a variety of documents and things related to Plaintiff,

some unrelated to this case.  However, Defendants have not articulated why they

(or their counsel), as individual agents of the Department, should be expected to

have possession of these documents and things, aside from those documents and

things that Defendants sought precisely due to their relation to this case.  Further,

Plaintiff has affirmed that he is not seeking privileged documents.  Though the

request for production and the Magistrate Judge's order do not *explicitly* exempt

privileged documents, Defendants identify no authority requiring such an explicit

---

[1] In connection with this overbreadth argument, Defendants refer to the request for
production as overly "ambiguous" or "vague."  To the extent that these references
are intended to present a distinct argument, as opposed to a mere rephrasing of the
overbreadth argument, the Court deems the argument waived for lack of proper
development.  The same holds true for Defendants' characterization of the request
for production as a "trap," which Defendants fail to tie to any legal authority.

disclaimer. The Court therefore holds that the Magistrate Judge did not clearly err

in finding the request for production not overbroad.

Defendants also argue that the Magistrate Judge's order is clearly erroneous

and contrary to law because it requires the production of responsive documents in

the possession of Defendants' counsel.[2] Defendants suggest that Plaintiff's first

request for production is improperly directed to Defendants' counsel, a non-party.

However, the request for production is directed only to Defendants, requesting

production of those responsive documents and things in their possession, custody,

or control—including, as a subset of this category, responsive documents and

things in the possession of their counsel. The Magistrate Judge provided authority

for this construction of the reach of Defendants' possession, custody, or control:

> [A]ttorneys are agents of their clients, who are legally entitled to those
> documents. *See Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D.
> Mich. 2008) ("The courts have also held that documents in the
> possession of a party's agent–for example, an attorney–are considered
> to be within the party's control."). The legal right to obtain a
> document puts it within a party's control for purposes of Rule 34. *Id.*;
> *see also In re Ruppert*, 309 F.2d 97, 98 (6th Cir. 1962) ("It is a well
> settled principle that if the client may be compelled to produce

---

[2] Plaintiff has specified that, with regard to documents and things in the possession of Defendants' counsel, he is seeking only those that "1) were not drafted by or at the instruction of counsel, 2) were not made in anticipation of litigation, and 3) do not contain mental impressions, conclusions, or legal theories of opposing counsel." Defendants' assertion that the Magistrate Judge ordered Defendants' counsel "to produce his case file" is inaccurate to the extent that the case file contains additional material.

documents in his possession then the attorney may be compelled to produce the same documents when they are in his custody."); *Am Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D. D.C. 2006) ("Because defendants have the legal right and the ready ability to access documents generated and collected by their attorneys in the courts of this litigation, I find that the documents are within defendants' control for Rule 34 purposes.").

Defendants do not point to any deficiencies in this analysis. The Court finds that the request for production is properly directed to Defendants and not to their counsel.

Defendants also argue that the Magistrate Judge erred in concluding that the work product doctrine does not shield from discovery those responsive documents and things in their counsel's possession. The Magistrate Judge provided over eight pages of legal analysis in support of this conclusion, most of which Defendants ignore. Illustrating their failure to engage with the Magistrate Judge's analysis, Defendants argue that if the Court does not overturn the Magistrate Judge's order, "it will become routine for lawyers to do nothing [to independently gather evidence] … because they could get all the relevant documents by requesting production of their opposing counsel's case file." Defendants seem unaware that the Magistrate Judge's order forecloses this slippery slope into exploitation of the adversary process; the Magistrate Judge discusses cases that refused to compel

discovery in such circumstances and takes pains to explain why Plaintiff's request

is not merely exploitative or lazy.

Defendants cite binding legal authority concerning the work product

doctrine only once, pointing out that the Supreme Court has discussed the work

product doctrine in relation to materials "collected" by counsel in addition to those

that counsel personally prepared. *Hickman v. Taylor*, 329 U.S. 495, 505 (1947);

*see also id.* at 511 ("We do not mean to say that all written materials *obtained* or

prepared by an adversary's counsel with an eye toward litigation are necessarily

free from discovery in all cases.") (emphasis added).   The Magistrate Judge

rejected this reliance on word choice:

> Though the word "obtain" frequently appears in descriptions of the
> doctrine—in the sense that the doctrine protects materials a lawyer
> "obtains"—"the word has never been used to suggest that merely by
> gathering pre-existing materials, even as part of a far-ranging and
> diligent investigation, an attorney transforms them into work
> product." *In re Grand Jury Subpoenas*, 2002 WL 31040322, at *5.
> Stated differently, "[t]he mere acquisition of documents from an
> unrelated third-party does not by itself impose upon them the status of
> work product." *Bohannon*, 127 F.R.D. at 540.

Defendants do not address this analysis or the authorities cited.   The Court finds

the Magistrate Judge's reasoning persuasive and holds that the rejection of

Defendants' work product defense was neither clearly erroneous nor contrary to

law.

## II.    Defendants' Initial Disclosures

On November 24, 2014, Defendants served (purported) initial disclosures that failed to identify, as a potential witness, any individual likely to have discoverable information.[3]  Defendants indicated that identification of potential witnesses was impossible because Plaintiff's Amended Complaint [6] is vague as to the timing and nature of Defendants' alleged violations of Plaintiff's rights. Plaintiff subsequently filed a Motion to Compel Initial Disclosures [47], and the Magistrate Judge entered an Order [53] granting the motion for the reasons stated on the record at the motion hearing.

Defendants filed an Objection [54] to this order, reiterating their argument that they cannot identify individuals likely to have discoverable information because "Plaintiff fails to mention the specific dates and times when each individual Defendant violated his rights."  Defendants do not cite any legal authority in their challenge to the Magistrate Judge's order, aside from a cursory citation to the Federal Rules of Civil Procedure.  Instead, they devote a good portion of their Objection to allegations that Plaintiff's counsel has engaged in

---

[3] Defendants' Objection [54] concerning the initial disclosures only substantively addresses the identification of witnesses.  In a footnote, Defendants suggest that Plaintiff has not challenged the initial disclosures on other grounds.  This is false; Plaintiff has challenged the initial disclosures on other grounds as well, including their failure to identify any relevant documents in the possession, custody, or control of Defendants.

"unreasonable conduct and obstructionist tactics."  The Court declines to address these legally irrelevant allegations.

Defendants' demand for specific dates and times appears unnecessary and disingenuous.  Defendants themselves suggest that if provided with specific dates of alleged violations, they are readily capable of identifying potential witnesses by investigating the identities of prison staff working in relevant locations on those dates.  They provide no excuse, however, for their failure to investigate the identities of prison staff who may have participated in or witnessed the alleged "cell rush" in administrative segregation on March 9, 2012, as well as prison staff who may have escorted Plaintiff to his hearing on March 19, 2012, and witnessed the altercation that allegedly took place en route to the hearing.  The Magistrate Judge's order granting Plaintiff's motion to compel legally adequate initial disclosures was not clearly erroneous or contrary to law.

A final note: in passing, Defendants suggest that if required to make initial disclosures, they will do no more than identify themselves as potential witnesses. If they fail to do more, the Court will consider imposing sanctions on them and/or their counsel.

## CONCLUSION

For the reasons stated above,

9

**IT IS ORDERED** that Defendants' Objection to the Magistrate Judge's Order Granting Plaintiff's Motion to Compel Discovery and Enforce a Subpoena [41] is **OVERRULED**.  Defendants will respond to Plaintiff's first request for production in compliance with this Order by February 13, 2015.

**IT IS FURTHER ORDERED** that Defendants' Objection to the Magistrate Judge's Order Granting Plaintiff's Motion to Compel Initial Disclosures and Enforce a Subpoena [54] is **OVERRULED**.  Defendants will serve Plaintiff with initial disclosures in compliance with this Order by February 13, 2015.

**SO ORDERED**.

<br>

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: February 6, 2015                    Senior United States District Judge